LAW LIBRARY

## IN THE SUPERIOR COURT OF GUAM

2013 AUG 26 PM 2: 09

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM1166-12 |
| v. | **DECISION AND ORDER**<br>(Motion to Dismiss) |
| CHRISTOPHER A. REYES DYDASCO, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion and Memorandum of Points and Authorities in Support of to Dismiss Charge 3 Child Abuse (8 GCA § 65.15) ("Motion to Dismiss"). Defendant Christopher A. Reyes Dydasco ("Defendant") is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") are represented by Assistant Attorney General Sean E. Brown. Having reviewed the memorandum and papers presented, the Court now issues the following decision GRANTING Defendant's Motion to Dismiss.

## BACKGROUND

Defendant has been charged with one count of Child Abuse (As a Misdemeanor) and with three other charges. As with all crimes, Defendant was charged based upon facts presented in a police report submitted to the Attorney General's Office following Defendant's arrest. The Declaration states Defendant's ex-girlfriend, Shawnae Raea Santos Naples ("Naples"), claimed Defendant assaulted her during a visitation exchange of their minor daughter, Z.R.S.N. (06/19/2011). Declaration of Assistant Attorney General Teri C. Breloski ("Declaration") at 1. The Declaration states:

*People v. Dydasco*
Criminal Case No. CM1166-12
Decision and Order

Naples reported that on or about February 7, 2012, at approximately 7:30 p.m. she met with her ex-boyfriend, Defendant, for visitation exchange of their minor daughter, Z.R.S.N., at a parking lot at UOG in Mangilao, Guam. At the exchange and right in front of his daughter, Defendant shoved the car seat into Naples, hitting her midsection. At that time Defendant's father exited his vehicle and held onto Defendant to keep him from advancing toward Naples. Defendant continued to yell profanities and threatened to punch Naples in the face. Defendant advanced toward and swung at Naples, just barely striking the left side of her face as Defendant's father was straining to hold him back. Witnesses on the scene corroborated the events to police officers.

Declaration at 1.

On March 12, 2013, Defendant filed Motion to Dismiss. The People, on April 10, 2013, filed People's Opposition ("Opposition"). Defendant filed his Reply Memorandum of Points and Authorities in Support of Motion to Dismiss Charge 3 Child Abuse (8 GCA § 65.15) ("Reply") on April 16, 2013.

## DISCUSSION

Guam law requires that The People prosecute a case by filing a Complaint to establish probable cause. *See* 8 GCA § 15.10, § 15.20, and § 45.20; *See also People v. Palomo*, 1998 Guam 12 ¶ 14. Title 8 GCA § 15.10 provides:

### § 15.10. Complaint Defined.

The complaint is a written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney and filed with a judge of the Superior Court. In any case required by § 1.15 to be prosecuted by Complaint, the Complaint shall be subject to the same rules of pleading as an indictment for information.

8 GCA § 15.10 (2013). Title 8 GCA § 15.20 provides in relevant part:

### § 15.20. Issuance of Summons or Warrant on Complaint.

(a) If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the

Page 2 of 5

*People v. Dydasco*
Criminal Case No. CM1166-12
Decision and Order

defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

8 GCA § 15.20(a) (2013). Title 8 GCA § 45.20 provides in pertinent part:

**§ 45.20. Complaint to be Filed; When.**

(a)    Where a person is arrested without a warrant, at or before the time he is brought before the court pursuant to § 45.10, the prosecuting attorney shall file a complaint which satisfies the requirements of § 15.10 and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it.

8 GCA § 45.20(a) (2013). Title 9 GCA § 31.30 provides in relevant part the statutory authority for Child Abuse:

**§ 31.30. Child Abuse; Defined & Punished.**

(a)    A person is guilty of *child abuse* when:

    (1)    he subjects a child to cruel mistreatment; or

    (2)    having a child in his care or custody or under his control, he:

        (A)    deserts that child with intent to abandon him;

        (B)    subjects that child to cruel mistreatment; or

        (C)    unreasonably causes or permits the physical or, emotional health of that child to be endangered.

9 GCA § 31.30(a) (2013).

Defendant argues that the Declaration attached to the Magistrate Complaint fails to allege any facts to support the Third Charge of Child Abuse. Motion to Dismiss at 1. The Defendant, therefore, argues the Complaint is defective on its face and should be dismissed. *Id.* The People oppose dismissal, arguing Defendant endangered the physical safety of his daughter. Opposition at 1. The People also argue that the emotional health of the child was at

*People v. Dydasco*
Criminal Case No. CM1166-12
Decision and Order

risk when Defendant decided to assault the child's mother. *Id.* The People further contend that 9 GCA § 31.30(a)(2)(C) only requires that Defendant "unreasonably causes or permits the physical or, emotional health of that child to be endangered" while having the in his care, custody, or control. *Id.* The People note that Defendant is alleged to have attempted to hit Naples while their child was in close proximity, and the child was at risk of being struck by an errant swing or by the fall of Naples. *Id.* Finally, The People argue the child was in close proximity to the assault and argue the emotional endangerment and fear of being struck could also meet the elements set forth in 9 GCA § 31.30(a)(2)(C). *Id.* at 2. In Reply, Defendant argues there is no evidence that the child's physical or emotional health was endangered, as there are no allegations the child was in danger or that she was in close proximity to Zales, and there was no evidence the child knew what was occurring. Reply at 1.

After review of the Declaration, the Court finds the record is devoid of any evidence to sustain a charge of Child Abuse. There is no proof the Defendant created an environment of abuse, which threatened the health or welfare of the child, who was seven months old at the time. The fact the child was present during the incident does not constitute child abuse. There is no evidence that the child was injured physically or emotionally. The People contend the child was in close proximity to the assault, but even in light of this fact, absent any evidence that the child's physical or emotional health was endangered, the Court must find for Defendant. Therefore, there is not probable cause to sustain a charge of Child Abuse against Defendant.

*People v. Dydasco*
Criminal Case No. CM1166-12
Decision and Order

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss as to the Third Charge of Child Abuse. Further proceedings are set for _Aug. 30, 2013_. _9:00 am_

**SO ORDERED**, this _26_ day of August, 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

AUG 2 6 2013

*People v. Dydasco*
Criminal Case No. CM1166-12
Decision and Order